DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROYAL & SUN ALLIANCE INSURANCE, PLC   :

                *Plaintiff,*     **15 cv 7849**
                        :

     - against -    **COMPLAINT**
                           :

NIPPON EXPRESS USA, INC.
                *Defendant.*    :

                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Plaintiff, Royal & Sun Alliance Insurance, PLC (hereinafter "Royal & Sun" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

        1.     All and singular the following premises are true and constitute claims arising under the Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and/or federal question jurisdiction (28 U.S.C. § 1331, and/or federal common law), and/or supplemental jurisdiction (28 U.S.C. § 1367).

        2.     At all times material hereto, Plaintiff Royal & Sun was and is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business in the United Kingdom, and was the insurer of Johnson and Johnson Group, and insured the shipment which is the subject matter of this action.

        3.     Defendant Nippon Express USA, Inc. (hereinafter "Nippon Express" or "Defendant") is a corporation organized and existing under and by virtue of the laws of the State

1

of New York, with its principal place of business in New York, was and now is engaged in business as a carrier, forwarder, broker, warehouseman, and/or otherwise involved in the storage, handling, transfer, and transportation of goods (including, receipt, delivery, transfer, storage and/or handling) and does business in the State of New York, and runs routes in this State.

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper here within the meaning of 28 U.S.C. § 1391 (b)(1) because Nippon Express has its offices here and does business and otherwise resides in New York. The assured Johnson and Johnson is headquartered in and numerous relevant witnesses are located in the New York metropolitan area.

6. Prior to October 3, 2014 a consignment of temperature sensitive reactive mix monomers was delivered by Johnson and Johnson to the care and custody of Nippon Express in Atlanta, Georgia in good order and condition (the "Shipment").

7. Nippon Express received and accepted such Shipment and agreed, in exchange for charges paid (or agreed to be paid), *inter alia*, to properly and safely, store, handle and protect the Shipment in connection with the transportation of the Shipment, and to otherwise exercise reasonable care of the Shipment and to deliver such Shipment to Johnson and Johnson and/or its designee in the same good order and condition as when received.

8. In connection with an interstate and international transportation of the Shipment, Nippon Express expressly or impliedly agreed, *inter alia*, that it would verify and confirm the temperature setting at 11º C of the container used to transport the Shipment. Instead, the temperature of the container was set at -18º C, and Nippon Express failed to verify and confirm the temperature controlled container was set at the proper temperature setting, and permitted the Shipment to leave its facility with an improperly set refrigeration unit.

9. Defendant thus did not take the steps to ensure delivery of the Shipment in like good order and condition as when shipped, delivered to and received by them, but on the contrary, the Shipment was damaged and impaired in value, all in violation of Defendant's obligations and duties. Nippon Express failed to perform their services in a careful, workmanlike manner, and/or otherwise in violation of their duties and obligations, and such conduct resulted in the loss of the Shipment.

10. Defendant breached its contractual and/or other legal obligations owed to Plaintiff's assured, and such breach was the direct and proximate cause of the damage to said Shipment.

11. Plaintiff and its assured have performed all conditions on their parts to be performed.

12. Plaintiff insured the shipment, and has paid its assured substantial sums as a result of the damage to the shipment. Plaintiff brings this action on its own behalf and as agent, trustee, assignee, and or/subrogee, on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the said Shipment, as their respective interests may ultimately appear.

13. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $2,860,000.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

14. Plaintiff incorporates herein by reference the allegations of paragraphs 1-13 above and all of the allegations below.

15. Nippon Express breached its contracted agreement as set forth above.

16. By reason of the forgoing, Nippon Express failed to deliver the Shipment in the same good order and conditions as when received, and other failed to exercise reasonable care of such Shipment.

17. By reason of the foregoing, the Defendant caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $2,860,000.

## SECOND CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

18. Plaintiff incorporates herein by reference the allegations of paragraphs 1-17 above all of the allegations below.

19. The Defendant was acting as a bailee of the Shipment at all relevant times. The Defendant thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the Shipment in the same condition as when entrusted to them and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

20. By reason of the foregoing, the Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $2,860,000.

## THIRD CAUSE OF ACTION

## TORT DAMAGE TO PROPERTY

21. Plaintiff incorporates herein by reference the allegations of paragraphs 1-20 above.

22. The Defendant directly or through their employees, agents or independent contractors, failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under like circumstances, and/or negligently and/or with gross negligence failed to handle and care for the Shipment such as reasonably required and would be sufficient to care for and prevent damage to the Shipment.

23. The Shipment suffered loss and damage as alleged herein, as a proximate result of Defendant's said conduct.

24. By reason of the foregoing, the Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding US $2,860,000.

WHEREOF, Plaintiff pays:

1. That process in due form of law may issue against the Defendant, citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: Rye, New York<br>October 5, 2015 | MALOOF BROWNE & EAGAN LLC<br><br>By:   s/ Thomas M. Eagan<br>    David T. Maloof (DM 3350)<br>    Thomas M. Eagan (TE 1713)<br>    411 Theodore Fremd Avenue -Suite 190<br>    Rye, New York 10580<br>    Tel: (914) 921-1200<br>    Fax: (914) 921-1023<br>    *Attorneys for Plaintiff* |

\\sbs2k11\company\WP-DOCS\1704.38\Pleadings\09215 Complaint.doc